CLOWDIS, *Plaintiff in Error*, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY.

**Debtor and Creditor:** PRINCIPAL AND AGENT: PAYMENT UNDER PRO-TEST. If a debtor pays money to a third party as the agent of his creditor, and afterward, under protest, pays again to the creditor, he cannot recover of the creditor that which he paid the supposed agent; for if he was really the agent, it was but a payment of his debt; if he was not the agent, the creditor is of course not liable. The debtor's cause of action, if he has any, is for the money paid under protest.

*Error to Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*S. Turner* for plaintiff in error.

*Geo. W. Easley* for defendant in error.

HENRY, J.—Plaintiff purchased of defendant a tract of land in Livingston county on the 12th day of March, 1868, for which he agreed to pay $448, as follows: $150 at the date of the purchase, $149 on the 12th day of August, 1869, and $149 on the 12th day of August, 1870, each of the deferred payments to bear ten per cent interest per annum from the date of the purchase. The cash payment was made, and plaintiff also paid $100 July 13th, 1870, $147 February 18th, 1871, $10 March 8th, 1871, and $117.50 February 9th, 1872. On the 1st day of March, 1870, there was due the defendant on said contract $178.80, which plaintiff paid on that day to C. M. Merriweather, who was then agent of defendant at Chillicothe, Missouri, where said payment was made, to receive and receipt for money on contracts made by defendant for the sale of its land in Livingston county. The company refused to give plaintiff credit for the payment, and in order to avoid a forfeiture of the contract under its terms, he paid the defendant, un-

der protest, $117.50, which the defendant claimed as the balance due for the land.   This suit is to recover said $178.80, with interest.   The above are, substantially, the allegations of the petition, to which a demurrer was sustained, and plaintiff has brought the cause here by writ of error.   The grounds of the demurrer were:  1st, That the petition does not state a cause of action, and  2nd, That it shows on its face that the plaintiff's cause of action is barred by the statute of limitations.

The demurrer was properly sustained.   The petition does not state a cause of action.   It shows that the money sued for was paid on the contract; that the plaintiff owed, and the defendant had a right to it.   It was paid to defendant's agent, and a payment to the agent was a payment to the principal.   If paid to the principal on the contract, what right has plaintiff to recover it back?   If on the other hand, Merriweather was not defendant's agent, upon what principle is the company liable to plaintiff for money obtained from him by Merriweather, under the false pretense that he was defendant's agent?  It is urged that, although plaintiff paid defendant that sum of money, he was afterward compelled by the company to pay $117.50, to which it was not entitled.   If this be so, and plaintiff has a cause of action, (we do not say he has,) it is for the latter sum and not that for which he sues.   This disposes of the case, and it is unnecessary to consider the question with respect to the statute of limitations.   Judgment affirmed.   All concur.